UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSUE ARMANDO GARRIDO ZELAYA,

Petitioner,

v.                                                          CAUSE NO. 3:26-CV-903-CCB-SJF

WARDEN, et al.,

Respondents.

## OPINION AND ORDER

Immigration detainee Josue Armando Garrido Zelaya, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Garrido Zelaya is a citizen of Honduras who has no legal status in the United States. (ECF 6-2 at 3-4.) He was arrested by United States Border Patrol agents near the southern border in 2023, served with a Notice to Appear in immigration court, and released on his own recognizance. (*Id.* at 3.) In May 2026, he was arrested in Indiana for operating a vehicle while intoxicated. (*Id.*) On May 19, 2026, he was taken into custody by Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an administrative warrant. (*Id.* at 8.) He was then transferred to Miami Correctional Facility, where he is being held pending the conclusion of his removal proceedings.

He states that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (ECF 1.) He argues this statutory provision does not apply to him, and that his detention without

an opportunity for bond violates applicable statutes and regulations, as well as the Due Process Clause of the Fifth Amendment. (*Id.* at 21-25.) He seeks immediate release from custody or a prompt bond hearing. (*Id.* at 26.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 2.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Respondents answered the petition (ECF 6), and Mr. Garrido Zelaya filed a reply (ECF 7).

The Respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Garrido Zelaya is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 6.) These arguments were rejected in *De Jesús Aguilar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not

likely to succeed on its argument that the mandatory detention provision contained in

§ 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[1] *See*

*Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C.

§ 1225(b)(2) does not apply to individuals like Mr. Garrido Zelaya who are arrested within

the interior of the country years after their arrival. That leads the court to 8 U.S.C.

§ 1226(a), the "default rule" for detention of noncitizens who are "already present in the

United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a

warrant issued by the Attorney General, an alien may be arrested and detained" while

removal proceedings are pending, and the Attorney General "(1) may continue to detain

the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional

parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has

held that a noncitizen detained under § 1226(a) is entitled to an individualized bond

hearing. *Jennings*, 583 U.S. at 306.

---

[1] A split panel of the Seventh Circuit recently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Santillan Quiroz v. Mullin,* ___F.4th___, 2026 WL 1876709 (10th Cir. June 30, 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The court remains convinced that its analysis of § 1225(b)(2) is sound until additional guidance comes from the Seventh Circuit.

Here, Mr. Garrido Zelaya was arrested pursuant to a warrant, which accords with § 1226(a).[2] (ECF 6-2 at 8.) However, he has not been granted an opportunity for bond because the government views him as ineligible for bond under § 1225(b)(2). This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Respondents argue that the court should not grant Mr. Garrido Zelaya any relief until he exhausts all available administrative remedies. (ECF 6 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

---

[2] The Attorney General or his delegate may decide to re-detain a noncitizen in removal proceedings who was released on his or her own recognizance "at any time." 8 CFR § 236.1(c)(9). The Board of Immigration Appeals has held that re-detention is appropriate where there are changed circumstances, such as where the noncitizen has an arrest or conviction while on release. *See In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006); *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981). Mr. Garrido Zelaya does not refute that he was arrested on a criminal charge in May 2026 or argue that changed circumstances were lacking, and so the court does not explore this issue. *See Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) ("Federal courts adhere to the principle of party presentation," meaning "points not argued will not be considered[.]").

4

Here, the court finds that it would be futile for Mr. Garrido Zelaya to pursue a bond request within the agency in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). It is evident from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like him as categorically ineligible for bond.

Proceedings in a case out of California earlier this year support the conclusion that it would be futile to require him to pursue administrative remedies before granting him habeas relief. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal filed*, *Bautista, et al. v. United States Dep't of Homeland Security, et al.*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and, at the government's request, the Ninth Circuit stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a motion for a custody redetermination filed by an individual like Mr. Garrido Zelaya, who is outside of California. These recent proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the

prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Although Mr. Garrido Zelaya asks for outright release, the court views the opportunity for an individualized bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

Because Mr. Garrido Zelaya is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also does not reach his argument that the government should bear the burden of proving he is not entitled to release at any bond hearing that occurs. At this point, it is unclear how the government intends to proceed now that the court has determined Mr. Garrido Zelaya cannot be held without bond under 8 U.S.C. § 1225(b)(2). It may decide to release him, or if he is given a bond hearing, he might prevail before an immigration judge or be able to

obtain relief from the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3); *see also Z.G. v. Olson*, ___F. Supp.3d___, 2026 WL 1279081, at *2-4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination). Without a prior denial of bond on the merits that is alleged to be erroneous, the court leaves the parties to follow the usual process under § 1226.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and **ORDERS** the Respondents to release Josue Armando Garrido Zelaya on or before **July 23, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondents to file proof of compliance with this order by **July 27, 2026.**

SO ORDERED on July 15, 2026.

        /s/ *Cristal C. Brisco*
        CRISTAL C. BRISCO, JUDGE
        UNITED STATES DISTRICT COURT